## MORSE DRY DOCK & REPAIR CO. v. SEABOARD TRANSP. CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1908.)

No. 200.

1. CONTRACTS—DEFAULT IN COMPLETION OF WORK—PROVISION FOR LIQUIDATED DAMAGES.

A provision in a contract for making alterations in a ship for liquidated damages for failure of the contractor to complete the work by the time fixed is not waived nor modified by a further agreement for changes in the specifications or extra work not necessarily requiring additional time, and when none was at the time asked or provided for.

2. SAME—CONTRACT FOR ALTERATION OF VESSEL—EFFECT OF OWNER'S DELAY IN FURNISHING MACHINERY.

Under a contract for making alterations in a vessel containing a provision for the payment by the contractor of liquidated damages for each day's delay in completion of the work beyond the time fixed, and which required the owner to furnish certain machinery to be installed, where it was furnished so late that the contractor could not have completed the work in time, the owner cannot insist on a strict enforcement of the contract by claiming that its own default made no difference, but the contract time for completion must be treated as extended for a sufficient length of time to permit the installment of the machinery after it was furnished, even though the contractor could not have installed it before if it had been delivered in time, and damages can be recovered only for delay beyond such extended time.

Appeal from the District Court of the United States for the Southern District of New York.

For opinion below, see 154 Fed. 90.

Armstrong, Brown & Boland and P. M. Brown, for appellant.

Rumsey, Sheppard & Ingalls, Melville E. Ingalls, Jr., and John S. Sheppard, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The respondent desired certain alterations made in its ship, the John A. Briggs. It accordingly prepared specifications of the work required and sent them to the libelant. The libelant responded with the following proposal dated September 5, 1906:

"We hereby agree to faithfully carry out and complete all the alterations and repairs to ship John A. Briggs, as set forth in specifications dated New York, August 30th, 1906, and to abide by all the conditions expressed or implied therein for the sum of eight thousand five hundred and ninety-six ($8,596) dollars, and to complete the work in thirty-five (35) running days from the time of delivery of the ship at our yard, or pay to her owners, the Seaboard Transportation Company, as liquidated damages and not as penalty, the sum of fifty dollars ($50) per day for each and every day during which completion shall be delayed."

The respondent accepted this proposition, and the ship was delivered on September 7, 1906. On September 16, 1906, the parties agreed to modify the contract by installing hawse pipes in place of the hoisting gear and anchor tables required by the specifications at an additional cost of $128. The respondent also ordered certain extra work amounting in the aggregate to $661.98. According to

the terms of the contract the work should have been completed on October 12, 1906. It was not in fact completed until November 15, 1906—34 days thereafter. The respondent deducted from the libelant's bill $1,700—being the liquidated damages stipulated in the contract—$50 per day—for the 34 days' delay. And the only matter in controversy here is whether the respondent is entitled to these liquidated damages.

While admitting the delay, the libelant urges two reasons why the liquidated damage clause should not apply: (1) The contract was changed. (2) The respondent failed to fulfill its part of the contract. The only change made in the contract was in substituting the hawse pipes for the hoisting gear. This change was unimportant, and it is manifest that the parties in making it did not intend to modify the time provision in the contract. The libelant, having agreed to make the change without requiring additional time, cannot now urge it as an excuse for the delay. The extra work ordered might have been done at the same time as the contract work and involved no delay in the latter. And the fact that this extra work was done in no way relieved the libelant from its obligation to complete the vessel within the stipulated time. But the question whether the respondent fulfilled its part of the contract and is in a position to claim damages for the delay is a more serious one. It was the duty of the respondent to furnish the windlass to be installed in the vessel. The installation of the windlass required about eight days' time. And yet the respondent only furnished it on October 11, 1906—the day before the time limited for the completion of the work. Whatever may then have been the state of the work it was obviously impossible to complete it in time.

The respondent urges, however, that its delay was immaterial—that a strike at the libelant's yards, and not the nondelivery of the windlass, was the real cause of the delay. The respondent also points out that the boiler to be connected with the windlass was not obtained by the libelant until some 10 days after the delivery of the windlass. And so the respondent urges that the delayed delivery of the windlass made no difference—that the same delay would have taken place had it been delivered earlier. The respondent's contention is based upon an assumption which it had no right to make. The respondent, seeking to enforce the damage clause in the contract, must show that it lived up to the contract itself. It cannot assume that its failure to perform its obligations made no difference. It is impossible to say what might have happened had the conditions been different. It cannot be said that, if the libelant had received the windlass earlier, it would not have made greater efforts to hasten the work. The respondent seeking to enforce the contract cannot recover damages for delay which may have been occasioned by its own default.

Had the failure of the respondent to deliver the windlass been the cause of all the delay—had the work been waiting for the installation of the windlass when it was delivered—the default of the respondent would undoubtedly have constituted a complete waiver of the time provision in the contract. As clearly stated by the New York Court of Appeals in Daunat v. Fuller, 120 N. Y. 558, 24 N. E. 816:

"It is a well-settled rule that, where one party demands strict performance as to time by another party, he must perform his part, and a failure on his part of the conditions which are required in order to enable the other party to perform on his part, and a failure on the part of the party demanding performance to do the preliminary work required to enable the other party to complete the work within the time limit, operates as a waiver of the time provision in the contract."

This case, however, does not come strictly within the rule. The delay of the respondent in delivering the windlass did not prevent performance by the libelant of those things required by the contract not connected with its installation. Had the libelant done its part, the work should have been completed within about eight days after the windlass was delivered. But the libelant took some 26 days more. For this additional delay the respondent can in no way be said to be responsible. It was undoubtedly caused by the strike. Consequently, while the circumstances are not such that the delay of the respondent operated as a waiver of the time provision in the contract, it did operate as an implied agreement extending the time sufficiently to permit the installation of the windlass. The case should follow the decision of the Supreme Court in McGowan v. American Tan Bark Co., 121 U. S. 600, 7 Sup. Ct. 1329, 30 L. Ed. 1027:

"The contract bound the defendants to supply the machinery, and set it up on the boat within 60 days. It is too plain for argument that the failure of the plaintiff to have the boat ready would excuse the defendants from strict compliance with this part of the contract. If the defendants proceed thereon under the contract, they were bound to complete the work within the time contemplated by the original agreement, and such additional time as was lost by the delay in the construction of the boat. There is nothing to show that the machinery could not have been erected within 60 days after the boat was ready to receive it. The parties treated the contract with full force except as to time within which it was to be performed, and the work was done, and payments made under the contract as thus extended in time."

Of the delay of 34 days in the completion of the work, only 27 days are attributable to the default of the libelant. Consequently of the $1,700 retained by the respondent it has no right to more than $1,350.

The decree of the District Court is reversed, with costs, and the cause is remanded, with instructions to enter a decree in favor of the libelant for $350 damages and costs.